UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jason Sabel, derivatively on behalf of Higher One Holdings, Inc. <br><br> Plaintiff, <br><br> *v.* <br><br> Marc Sheinbaum, Thomas Anderson, Paul Biddelman, Samara Braunstein, David Cromwell, Bob Hartheimer, Miles Lasater, Patrick McFadden, Mark Volchek, and Lowell Robinson, <br><br> Defendants, <br><br> *and* <br><br> Higher One Holdings, Inc., <br><br> Nominal Defendant. | Case No. 13:15-cv-346 (AWT) |

## JOINT MOTION TO STAY ACTION

Plaintiff Jason Sabel ("Plaintiff"), Nominal Defendant Higher One Holdings, Inc. ("Higher One"), and defendants Marc Sheinbaum, Thomas Anderson, Paul Biddelman, Samara Braunstein, David Cromwell, Bob Hartheimer, Miles Lasater, Patrick McFadden, Mark Volchek, and Lowell Robinson (the "Individual Defendants") (collectively, Higher One and the "Individual Defendants" are referred to herein as "Defendants"), through their respective undersigned counsel, jointly move this Court for entry of an Order staying these proceedings, including all deadlines in these proceedings, until this Court has issued a ruling in the related securities action, *Perez v. Higher One Holdings, Inc. et al.*, Case No. 3:14-cv-00755-AWT, on the pending motion to dismiss in that case (Dkt. No. 39). The parties further request that Defendants have forty-five (45) days

from the lifting of the stay to answer or otherwise respond to Plaintiff's Complaint.

## BACKGROUND

On May 27, 2014, Brian Perez filed a lawsuit against Higher One and a number of its executives alleging violation of federal securities laws. *Perez*, Dkt. No. 1. On January 20, 2015, Mr. Perez filed an amended complaint that added a new plaintiff, named additional defendants, and expanded on the factual allegations in the original complaint. *Perez*, Dkt. No. 32. The gravamen of the *Perez* Amended Complaint is that Higher One and certain of its officers and directors committed securities fraud by making false or misleading statements concerning Higher One's legal compliance, the sufficiency of Higher One's internal controls, and Higher One's exposure to investigations by bank regulators. *Id.* On April 3, 2015, Higher One and the individual defendants filed a motion to dismiss the *Perez* action in its entirety. *Perez,* Dkt. No. 39. That motion will be fully briefed this summer.

On March 3, 2015, Plaintiff filed this stockholder derivative case in this District nominally on behalf of Higher One. The Action alleges that certain of Higher One's senior officers and directors breached their fiduciary duties by causing Higher One to issue false or misleading statements concerning Higher One's legal compliance, the sufficiency of Higher One's internal controls, and Higher One's assessments concerning its exposure to investigations by bank regulators.

On March 9, 2015, the Clerk of Court assigned this Action to Judge Bryant. Plaintiff filed a Notice of Related Cases (Dkt. No. 8) on March 12, 2015 alerting the court to the factual overlap with the *Perez* action. Thereafter, this Action was reassigned to this Court on March 16, 2015. Defendants' waived service on April 1, 2014 and their current deadline to answer or otherwise respond to the Complaint is May 29, 2015.

**ARGUMENT**

I. **The Court Should Stay Proceedings In This Matter In Light of the Underlying Litigation**

The motion for a stay is within the discretion of the Court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Int'l Bhd. of Boilermakers, Iron Shipbuilders, etc. v. Combustion Eng'g, Inc.,* 337 F. Supp. 1349, 1352 (D. Conn. 1971) (citing *Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936)).

In deciding whether to grant a stay, courts "consider the stage of the litigation and balance the potential for conserving judicial and litigant resources against the risk of undue prejudice to the nonmoving party." *Protegrity Corp. v. Voltage Sec., Inc.,* No. 3:10-CV-755 RNC, 2011 WL 3962290, at *1 (D. Conn. Apr. 21, 2011). In this Action, each of these factors weighs in favor of granting the requested stay.

First, this Action has just begun. It was filed six weeks ago, the defendants were just served with process, and there has been no discovery or other substantive actions in this case. Second, because both the *Perez* action and this Action arise from the same or similar factual basis, a stay of this Action pending the outcome of the pending Motion to Dismiss in *Perez* will conserve the parties' and the Court's resources. Third, no party will be prejudiced by the stay. All parties jointly seek to stay these proceedings and agree that it is in the best interest of Nominal Defendant Higher One, on whose behalf Plaintiff asserts his claim, to stay this Action.

Because all three factors weigh in favor of granting a stay, the parties respectfully request that this Court exercise its discretion and enter an Order staying these proceedings, including all

deadlines in these proceedings, until this Court issues a ruling on the pending Motion to Dismiss in the related securities action, *Perez v. Higher One Holdings, Inc. et al.*, Case No. 3:14-cv-00755-AWT (Dkt. No. 39). The parties further request that Defendants have forty-five (45) days from the lifting of the stay to answer or otherwise respond to Plaintiff's Complaint. This will allow the parties sufficient time to determine the effect of the *Perez* ruling on this matter and for Defendants to prepare a responsive pleading.

Dated: April 17, 2015

| IZARD NOBEL LLP | WIGGIN AND DANA LLP |
|---|---|
| /s/ Mark P. Kindall | /s/ Joseph C. Merschman |
| Robert A Izard, Bar No. ct01601 | James H. Bicks |
| Mark P. Kindall, Bar No. ct13797 | Joseph C. Merschman |
| Seth R. Klein, Bar No. ct18121 | One Century Tower |
| Nicole A. Veno, Bar No. ct29373 | 265 Church Street |
| 29 South Main Street, Suite 305 | P.O. Box 1832 |
| West Hartford, CT 06107 | New Haven, CT 06508 |
| Telephone: (860) 493-6292 | Telephone: (203) 498-4400 |
| Facsimile: (860) 493-6290 | Facsimile: (203) 782-2889 |
| rizard@izardnobel.com | jbicks@wiggin.com |
| mkindall@izardnobel.com | jmerschman@wiggin.com |
| sklein@izardnobel.com | |
| nveno@izardnobel.com | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | |